IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-11248
Summary Calendar

BUDDY LEE CRINER

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS BOARD OF PARDONS & PAROLES; TEXAS DEPARTMENT OF GRIEVANCE OFFICE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-2

Before GARZA, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Buddy Lee Criner, Texas prisoner # 1249251, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court denied Criner IFP status on appeal and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Criner is challenging the district court's certification that the appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Criner argues the merits of his underlying constitutional claims, but he fails to brief any argument regarding the district court's certification decision or, in particular, its dismissal of his § 1983 lawsuit as frivolous based on Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Criner has thus abandoned any challenge to the district court's denial of IFP on appeal. See Brinkmann, 813 F.2d at 748. Accordingly, we deny his IFP motion, and we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24; Howard, 707 F.2d at 220. All other outstanding motions are also denied.

The district court's dismissal of Criner's § 1983 lawsuit as frivolous and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Criner previously accumulated a strike in another case. Criner v. Wichita County 30th Dist. Court, No. 7:06-CV-111 (N.D. Tex. Nov. 27, 2006). See Adepegba, 103 F.3d at 387. As Criner has now accumulated three strikes, he may no longer proceed IFP in any civil action or appeal while he is incarcerated

or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.